## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| **MICHELLE PRIDGEN,**<br><br>Plaintiff(s)<br><br>v.<br><br>**NOVO NORDISK A/S, NOVO NORDISK INC.,**<br><br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-1468 |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

     1.     Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Michelle Pridgen_____.

     2.     If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____,

as _____ of the estate of _____, deceased.

     3.     If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

     4.     If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

     5.     Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

                     ___✓___   Novo Nordisk Inc.

                     ___✓___   Novo Nordisk A/S

                     _____   Eli Lilly and Company

                     _____   Lilly USA, LLC

                     _____   other(s) (identify):

## JURISDICTION AND VENUE

6.  City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Portsmouth, Virginia

7.  State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Pennsylvania

8.  State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Pennsylvania

9.  City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Easton, Pennsylvania

10.  Jurisdiction is based on:

   __✓__   diversity of citizenship pursuant to 28 U.S.C. § 1332

   _____   other (plead in sufficient detail as required by applicable rules):

11.  The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Eastern District of Pennsylvania.

12.    Venue is proper in the District Court identified in Paragraph 11 because:

       __✓__    a substantial part of the events and omissions giving rise to Plaintiff(s)'

                claims occurred there;

       _____    other (plead in sufficient detail as required by applicable rules):

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

## **PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

        ✓         Ozempic (semaglutide)

_____ Wegovy (semaglutide)

_____ Rybelsus (oral semaglutide)

_____ Saxenda (liraglutide)

_____ Trulicity (dulaglutide)

_____ Mounjaro (tirzepatide)

_____ Zepbound (tirzepatide)

_____ other(s) (identify):

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

**Plaintiff used Ozempic from approximately April 2024 to October 2024.**

**INJURIES AND DAMAGES**

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

    ✓       Gastroparesis

            Other gastro-intestinal injuries (specify):

_____

            Ileus

            Ischemic Bowel/Ischemic Colitis

            Intestinal Obstruction

            Necrotizing Pancreatitis

    ✓       Gallbladder Injury (specify)

            Micronutrient Deficiency

            Wernicke's encephalopathy

            Aspiration

            Death

            Additional/Other(s) (specify):

            **Cholecystectomy**

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

**Plaintiff started experiencing symptoms consistent with gastroparesis on or around April of 2025.  These symptoms continued through May of 2025.  Plaintiff was diagnosed with gastroparesis in May of 2025. Plaintiff underwent a cholecystectomy on May 2, 2025.**

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    ✓     Injury to self

    ✓     Injury to person represented

_____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify):

## CAUSES OF ACTION

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

   ✓     Court I:     Failure to Warn – Negligence

   ✓     Count II:     Failure to Warn – Strict Liability

   ✓     Count III:     Breach of Express Warranty/Failure to Conform to Representations

   ✓     Count IV:     Breach of Implied Warranty

   ✓     Count V:     Fraudulent Concealment/Fraud by Omission

   ✓     Count VI:     Fraudulent/Intentional Misrepresentation

   ✓     Count VII:     Negligent Misrepresentation/Marketing

   ✓     Count VIII:     Strict Product Liability Misrepresentation/Marketing

   ✓     Count IX:     Innocent Misrepresentation/Marketing

   ✓     Count X:     Unfair Trade Practices/Consumer Protection (see below)

   ✓     Count XI:     Negligence

   ✓     Count XII:     Negligent Undertaking

         Count XIII:     State Product Liability Act (see below)

         Count XIV:     Wrongful Death

         Count XV:     Loss of Consortium

         Count XVI:     Survival Action

   ✓     Other(s)     (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

**Counts V and VII:  See Attachments A and B.**

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

        **The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-203; 73 P.S. § 201-9.2.**

    b.    Identify the factual allegations supporting those claims (by subsection, if applicable):

        See Attachment C.

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a.    Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

    b.    Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

    c.    Identify the factual allegations supporting those claims:

*__* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? **No**    ⊞ . If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date:    March 6, 2026

/s/ Edward B. Mulligan V

By:

Edward B. Mulligan V, IN Atty # 29400-53

COHENMALAD, LLP

One Indiana Square, Suite 1400

Indianapolis, IN 46204

Phone: (317) 636-6481

nmulligan@cohenmalad.com

Name(s), Bar Number(s), Law Firm(s),
Mailing Address(es), Email Address(es),
and Phone Number(s) of Attorney(s)
representing Plaintiff(s).

# ATTACHMENT  A

## ATTACHMENT A

## FRAUDULENT CONCEALMENT/FRAUD BY OMISSION SUPPLEMENT

1.      Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 721-779 as though set forth fully at length herein.

2.      Plaintiff brings this claim against the Defendants identified in paragraph 5 of the Short Form Complaint ("Defendants").

3.      As alleged in the Master Complaint, at all relevant times, Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed GLP-1 RA Products, which were used by Plaintiff.

4.      As alleged in the Master Complaint, Defendants knew or should have known that their GLP-1 RA Products were unreasonably dangerous because of the increased risk of gastroparesis; gastroparesis requiring hospitalization or emergency care; refractory gastroparesis potentially leading to debilitating secondary conditions such as Wernicke's encephalopathy; gastroenteritis; micronutrient deficiencies, including but not limited to deficiencies of vitamin C, D, thiamine or B12; hypovitaminosis; cyclical vomiting; bowel/intestinal obstruction/blockage; ileus; gallbladder conditions necessitating surgery; esophageal injury; bowel injury; intraoperative aspiration; acute necrotizing pancreatitis; ischemic bowel; muscle wasting; dehydration and their sequelae, especially when the drug was used in the form and manner as provided by Defendants.

5.      As described in the Master Complaint, Defendants knew or should have known that their GLP-1 RA Products had gastrointestinal adverse effects that were of serious severity, intensity, frequency and duration. Defendants omitted and failed to disclose the true nature of these adverse events and affirmatively misrepresented their significance.

6.      Plaintiff saw television advertisements on or about March of 2024.

7.      As alleged in the Master Complaint, Defendants' extensive multifaceted advertising, marketing and promotion of GLP-1 RAs consistently highlighted and overstated the weight loss benefits of taking a GLP-1 RA Product while omitting and concealing other information that would be material to any Plaintiff weighing the risks and benefits of taking a GLP-1 RA Product.

8.      As alleged in the Master Complaint, Defendants' omissions and concealment of material facts were made purposefully, willfully, wantonly, and/or recklessly in order to mislead and induce medical and healthcare providers, such as Plaintiff's prescribing physicians, and patients, such as Plaintiff, to dispense, provide, prescribe, accept, purchase, and/or consume GLP-1 RA Products.

9.      Plaintiff relied to her detriment on Defendants' misrepresentations and omissions concerning the GLP-1 RA Products and their effect on weight-loss and treating diabetes as contained in Defendants' marketing materials and/or advertisements, including but not limited to in Defendants' television advertisements.

10.     Plaintiff relied on Defendants' advertisements to give her the impression that Defendants' GLP-1 RA Products would benefit her diabetes treatment and her weight.

11.     Plaintiff was not adequately warned of the increased risks of health effects from taking Defendants' GLP-1 RA Products.

12.     Plaintiff was adequately warned that Defendants' GLP-1 RA Products had not been sufficiently and/or adequately tested for safety risks as alleged in the Master Complaint.

13.     Defendants' fraudulent concealments were a substantial factor in causing Plaintiffs' injuries.

14.    As a direct and proximate result of Defendants' fraudulent concealment and omissions, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 in the Short Form Complaint.

# ATTACHMENT   B

**ATTACHMENT B**

**FRAUDULENT / INTENTIONAL MISREPRESENTATION SUPPLEMENT**

1.      Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 780-800 as though set forth fully at length herein.

2.      Plaintiff brings this claim against the Defendants identified in paragraph 5 of the Short Form Complaint ("Defendants").

3.      As alleged in the Master Complaint, at all relevant times, Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed GLP-1 RA Products, which were used by Plaintiff.

4.      As alleged in the Master Complaint, at all relevant times, Defendant knew or should have known that their GLP-1 RA Products had gastrointestinal adverse effects that were of serious severity, intensity, frequency and duration.

5.      As alleged in the Master Complaint, in the labels, advertising, promotion, and marketing, Defendants intentionally misstated and downplayed the nature, severity, and intensity of gastrointestinal adverse events resulting from the use of GLP-1 RA Products.

6.      Plaintiff saw television advertisements on or about March of 2024.

7.      Plaintiff relied to her detriment on Defendants' misrepresentations and omissions concerning the GLP-1 RA Products and their effect on her health as contained in Defendants' marketing materials and/or advertisements, including but not limited to Defendants' television advertisements and/or online advertisements.

8.      The advertisements and information seen and/or reviewed by Plaintiff did not adequately warn of the increased risks of health effects from taking Defendants' GLP-1 RA Products.

9.      Defendants' fraudulent statements were a substantial factor in causing Plaintiff's injuries.

10.     As a direct and proximate result of Defendants' fraudulent misrepresentations, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, including those set forth in paragraphs 16 to 18 in the Short Form Complaint.

# ATTACHMENT   C

## ATTACHMENT C

## UNFAIR TRADE PRACTICES / CONSUMER PROTECTION SUPPLEMENT

1.     Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 850-65 as though set forth fully at length herein.

2.     Plaintiff brings this claim against the Defendants identified in paragraph 5 of the Short Form Complaint ("Defendants").

3.     Plaintiff brings this claim under the statute, and relevant subsections, identified in Paragraph 20(a) of the Short Form Complaint (the "Statute").

4.     The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("Pennsylvania UTPCPL" or the "Statute") prohibits "[u]nfair or deceptive acts or practices in the conduct of any trade or commerce." 73 P.S. §§ 201-2(4), 201-2(4) (xxi), and 201-3.

5.     Plaintiff and/or Defendants are "persons" under the Statute.

6.     Plaintiff is a consumer who purchased one or more GLP-1 RA Products for personal, family, and/or household purposes.

7.     Defendants are the suppliers, manufacturers, advertisers, and/or sellers of the GLP-1 RA Products, subject to liability under the Statute for fraudulent, unfair, deceptive, and unconscionable consumer sales practices.

8.     Defendants designed, manufactured, assembled, inspected, tested (or not), packaged, labeled, marketed, advertised, promoted, supplied, distributed, sold and/or otherwise placed the GLP-1 RA Products into the stream of commerce, and therefore owed not only a duty of reasonable care to avoid causing harm to those that consumed it, such as Plaintiff, but also separate and independent statutory duties to be truthful, fair, accurate, and to not mislead or deceive consumers in connection with the sale of GLP-1 RA Products.

1

9.      Defendants marketed and advertised the GLP-1 RA Products to consumers, physicians, and other healthcare entities in **Pennsylvania.** In addition, Defendants sold the GLP-1 RA Products to residents of **Pennsylvania,** shipped GLP-1 RA Products to **Pennsylvania;** and otherwise engaged in trade or commerce, or conducted business, related to the GLP-1 RA Products in **Pennsylvania.** Defendants' misconduct described herein significantly affected **Pennsylvania** consumers.

10.     Plaintiff saw television advertisements on or about March of 2024.

11.     As alleged in the Master Complaint, Defendants engaged in unfair competition or unfair, deceptive, misleading, false, fraudulent, or unconscionable acts or practices in violation of the Statute by, among other things:

   a.   Misleading consumers regarding the safety risks associated with use of their GLP-1 RA Products and overstating the weight-loss benefits and understating risks from using the GLP-1 RA Products;

   b.   Excessively advertising, marketing and overpromoting their GLP-1 RA Products, including turbo-charging the pre-existing extensive direct-to-consumer marketing campaign with use of telehealth providers and promoting the drugs off-label; and

   c.   Failing to disclose that they performed research and testing in a manner that would lead to under-reporting of the severe risks of using the GLP-1 RA Products.

12.     As described in the Master Complaint, including in the paragraphs cited in paragraph 856 of the Master Complaint as well as paragraphs 447 through 576 of the Master Complaint, at all relevant times, Defendants knew or should have known, including from preclinical trials, premarket clinical trials, post-market surveillance, adverse event reports, and published scientific papers, that the GLP-1 RA Products posed serious health risks to users. Despite this knowledge, Defendants continued to mislead consumers by omitting, understating, or downplaying risks associated with use of their GLP-1 RA Products.

13.     As described in the Master Complaint, including in paragraphs 577 through 601 of the Master Complaint, at all relevant times, Defendants knew or should have known that their GLP-1 RA Products are not as effective for weight loss as Defendants claimed. Despite espousing significant weight-loss benefits, Defendants knew that the average person loses only a small percentage of their body weight while on GLP-1 RA Products, a significant percentage of patients experience minimal to no weight loss, many people stop taking GLP-1 RA Products relatively quickly, and many people who discontinue use gain back as much as — or more than — the weight they lost while using the GLP-1 RA Products. Despite this knowledge, Defendants continued to mislead consumers by overstating the products' weight-loss benefits.

14.     The information referenced above that Defendants misrepresented, concealed and did not disclose, was material. A reasonable person, including Plaintiff, would find that information, which was related to their health and well-being, such as the serious adverse health risks associated with the use of the GLP-1 RA Products and the limits of the products' efficacy, to be important when deciding whether to purchase and/or use the GLP-1 RA Products.

15.     Defendants intentionally concealed the foregoing material information from consumers, users, prescribers, physicians and other health care providers, including Plaintiff and Plaintiff's health care providers, because to do otherwise would have resulted in fewer prescriptions written for, and fewer purchases of, the GLP-1 RA Products.

16.     Defendants violated the Statute by failing to disclose the material health and safety information regarding the GLP-1 RA Products discussed above to consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendants' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

17.    Defendants violated the Statute by making numerous representations about the weight-loss benefits of taking GLP-1 RA Products while concealing additional information related to the purported weight-loss benefits from consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendants' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

18.    Plaintiff relied to her detriment on Defendants' misrepresentations and omissions concerning the GLP-1 RA Products and their effect on her health as contained in Defendants' marketing materials and/or advertisements, including but not limited to Defendants' television advertisements and/or online advertisements.

19.    The advertisements and information seen and/or reviewed by Plaintiff did not adequately warn of the increased risks of health effects from taking Defendants' GLP-1 RA Products.

20.    Defendants knew that the misrepresentations, omissions and concealment of material safety and efficacy information in the GLP-1 RA Products' packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures rendered them false, deceptive, inadequate, and misleading.

21.    By consistently and pervasively understating the risks and overstating the benefits of the GLP-1 RA Products, Defendants engaged in unfair, deceptive and/or fraudulent acts in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("Pennsylvania UTPCPL") and the Pennsylvania Uniform Commercial Code warranties by, among other things: (a) knowingly and intentionally representing that the GLP-1 RA Products have characteristics, uses, or benefits they do not have; (b) knowingly and intentionally representing

4

that the GLP-1 RA Products are of a particular standard, quality, or grade, when they are not; (c) advertising the GLP-1 RA Products with intent not to sell them as advertised; (d) failing to disclose material information known at the time of the transaction, thereby misleading the consumer and inducing them to enter a transaction they would not have entered had the information been disclosed; (e) breaching express warranties regarding the characteristics, uses, and benefits of the GLP-1 RA Products; (f) breaching implied warranties of merchantability and fitness for a particular purpose. 73 P.S. §§ 201-2(4) (v), 201-2(4) (vii), 201-2(4) (ix), 201-2(4) (xxi); 201-3; 13 Pa. C.S. §§ 2313, 2314, 2315.

22.     In violation of the Statute, Defendants' conduct described herein constitutes the knowing and willful act, use, or employment of deception, false promise, misrepresentation, and unfair practices, and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of goods, merchandise and/or consumer merchandise (*i.e.*, the GLP-1 RA Products), in trade or commerce, and was done with the intention that consumers such as Plaintiff would rely upon such conduct in purchasing or using the GLP-1 RA Products.

23.     Defendants' conduct was fraudulent and deceptive because the material misrepresentations and omissions had the capacity or tendency to deceive and, in fact, did deceive reasonable consumers, including Plaintiff.

24.     Plaintiff justifiably relied on Defendants' misrepresentations and omissions and if Plaintiff had known the information that Defendants withheld and concealed, Plaintiff would not have purchased or used the GLP-1 RA Products.

25.     As a result of such deceptive packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures, Plaintiff purchased and/or used the GLP-1 RA Products in justifiable and reasonable reliance on Defendants misrepresentations

and omissions. Defendants expected or should have expected reasonable consumers to rely on these misrepresentation and omissions, in part, because the omitted information directly relates to consumers' health and well-being.

26.     Plaintiff at all times acted as a reasonable consumer in relying upon Defendants' misrepresentations and material omissions concerning Defendants' GLP-1 Products in choosing to purchase and/or consume the GLP-1 RA Products prescribed by their health care provider.

27.     The actions and omissions of Defendants are uncured or incurable.

28.     As alleged above, Defendants had actual knowledge of the defective and dangerous condition of the GLP-1 RA Products and failed to take any action to cure those conditions.

29.     As a direct and proximate result of Defendants' misconduct described herein, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 in the Short Form Complaint.

30.     Accordingly, pursuant to the Statute, Plaintiff seeks to recover statutory, exemplary, treble, and/or punitive damages, costs of suit, and attorneys' fees, and equitable relief as appropriate, and all such other relief as the Court deems proper.

31.     To the extent that any pre-suit notice was required, Plaintiff has complied or substantially complied with all applicable notice requirements or is otherwise excused from compliance for this proceeding. Defendants had notice of their violations for years including lawsuits dating back to 2023. In response, Defendants refused to acknowledge and cure the violations alleged herein in a manner that would compensate Plaintiff for the losses Plaintiff has suffered as a result of the misconduct alleged herein. Therefore, any additional notice would be futile.